UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KASSONDRA JONES, on behalf of herself and those similarly situated,

   Plaintiff,

vs.

ANTICA POSTA RISTORANTE, INC., AND MARCO BETTI, INDIVIDUALLY,

   Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KASSONDRA JONES, by and through the undersigned attorney, sues the Defendants, ANTICA POSTA RISTORANTE, INC., and MARCO BETTI, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid minimum wage compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants from approximately July 2016 to

1

November 2016 as a server.

3. Plaintiff worked for Defendants at their Antica Posta restaurant in Buckhead. *See* www.anticaposta.com.

4. Defendant, ANTICA POSTA RISTORANTE, INC., operates a restaurant in Atlanta, Georgia and is therefore within the jurisdiction of this Court.

5. At all times relevant to this action, MARCO BETTI was an individual resident of the State of Georgia, who owned and operated ANTICA POSTA RISTORANTE, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of ANTICA POSTA RISTORANTE, INC. By virtue of having regularly exercised that authority on behalf of ANTICA POSTA RISTORANTE, INC., MARCO BETTI is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants minimum wage compensation, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under

the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, ANTICA POSTA RISTORANTE, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were computers, telephones, food items, drink items, stemware, dishes, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant, ANTICA POSTA RISTORANTE, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff and other servers a direct wage for all hours worked during their employment.

13. Plaintiff and those similarly situated worked as servers for Defendants.

14. During their employment with Defendants, Plaintiff and the other servers were usually only paid the tips received by them from customers.

15. Defendants typically did not pay Plaintiff or the other servers a direct wage for their work performed.

16. Pursuant to the FLSA, even tip credit employees are required to receive a direct wage of at least $2.13 per hour for each hour worked.

17. Defendants have violated the FLSA due to their above described pay practices in failing to pay Plaintiff and the other servers a direct wage for all hours worked.

18. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendants.

## COUNT I - RECOVERY OF MINIMUM WAGES

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. Plaintiff and the other servers were entitled to be paid a direct wage for all hours worked for Defendants.

21. During their employment with Defendants, Plaintiff and the other servers received no direct wage, just tips earned, from Defendants for most of

4

their hours worked.

22. Defendants did not have a good faith basis for their decision to pay Plaintiff and their servers no direct wage for all hours worked by them.

23. Because of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and the other servers proper compensation, Plaintiff and the other servers have suffered damages plus incurring reasonable attorneys' fees and costs.

24. Because of Defendants' willful violation of the FLSA, Plaintiff and the other servers are entitled to liquidated damages.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KASSONDRA JONES, on behalf of herself and those similarly situated, demands judgment against Defendants for unpaid minimum wage compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 11th day of April, 2017.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No.: 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979

Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*

-and-

*/s/ J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorney for Plaintiff
MILLAR & MIXON, LLC
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Phone: (770) 955-0100
Fax: (678) 999-5039
*Attorneys for Plaintiffs*