UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KASSONDRA JONES, on behalf of herself and those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:17-CV-01304-ELR |
| v. | ) ) | |
| ANTICA POSTA RISTORANTE, INC., and MARCO BETTI, | ) ) ) | |
| Defendants. | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Kassondra Jones, and putative opt-in claimant, Shawntha (Lisa) Cuylar, and Defendants Antica Posta Ristorante Inc. and Marco Betti (collectively "Defendants") (Plaintiff and Defendants collectively referred to as "the Parties"), jointly request that the Court approve the Parties' settlement of Plaintiff's claims in this matter.  Because this single Plaintiff case is brought pursuant to the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment. As three claimants have filed papers to opt-in to the claim, these three claimants will file dismissals as well.

I.    <u>Legal Principles</u>

Pursuant to the case law applicable to settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 16(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's

overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

In the instant action it is appropriate for the Court to approve the Parties' settlement agreement to resolve and release the named Plaintiff's FLSA claims against Defendants, as well as the claim of opt-in claimant Cuylar. The two remaining opt-in claimants, Randolph Cobb and Karen Scott Yetunde, have agreed to file a dismissal without prejudice. Plaintiff and all the opt-in claimants are former employees of Defendants who were employed by Defendants for anywhere from approximately 3 to 6 months. The proposed settlement arises out of an action brought by the named Plaintiff against her former employers, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiff and all the opt-in claimants were represented by experienced counsel with expertise in the area of wage and hour law. The Parties agree that the instant action involves disputed issues regarding the payment of wages for tipped employees under the FLSA. Plaintiffs contend the Defendants failed to properly pay them $2.13 per hour for all hours worked. Defendants contend and have provided documentation to Plaintiff's counsel demonstrating the payments

sought by Plaintiff and the opt-in claimants were made by Defendant. Plaintiff and opt-in claimant Cuylar now agree that at most, only nominal damages are due from Defendants and they are being compensated in excess of any sums due.

## II.    Summary of the Settlement

Relying on Defendants' records, the Parties have reached a proposed settlement that provides Plaintiff and opt-in claimant Cuylar with monies in excess of their full unpaid wages and/or liquidated damages and/or interest in amounts ranging from $300 to $500 each.  Pursuant to the proposed settlement, Plaintiff's counsel will receive no attorney's fees.

Although the Plaintiff and opt-in claimants are agreeing that they will keep the settlement terms to themselves, the Parties are not asking that this settlement be confidential. The Agreements executed by the named Plaintiff and opt-in claimant Cuylar are attached.

## III.    Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss Plaintiff's and opt-in claimant Cuylar's FLSA claims with prejudice.  A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "A" hereto. Within 5 business days of entry of this Order, Plaintiff and opt-in claimant Cuylar, by their attorney, will file a dismissal with prejudice. The remaining opt-in claimants, by their attorney, will file a dismissal of their claims without prejudice.

Respectfully submitted, this 12th day of October, 2017.

_/s/ C. Ryan Morgan_
C. Ryan Morgan
Georgia No. Bar No.711884
Morgan & Morgan, P.A.
20 North Orange Avenue
P.O. Box 4979
Orlando, FL 32802-4979
Phone: (407) 420-1414
Direct Dial: (407) 418-2069
Fax: (407) 245-3401

Attorneys for Plaintiff

_/s/ Debra Schwartz_
Debra Schwartz
Georgia Bar No. 631035
James E. Rollins, Jr.
Georgia Bar No. 613825
Schwartz Rollins LLC
945 East Paces Ferry Road
Suite 2270
Atlanta, Georgia 30326
(404) 844-4130 (Telephone)
(404) 844-4135 (fax)
des@gaemploymentlawyers.com
Attorneys for Defendants

Attachment A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KASSONDRA JONES, on behalf of herself and those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:17-CV-01304-ELR |
| v. | ) ) | |
| ANTICA POSTA RISTORANTE, INC., and MARCO BETTI, | ) ) ) | |
| Defendants. | ) | |

<u>ORDER APPROVING SETTLEMENT</u>

THIS MATTER is before the Court upon the parties' Joint Motion to Approve Settlement Agreement.  The Court having reviewed the Motion and being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.    The Joint Motion to Approve Settlement Agreement is GRANTED.

2.    The Court finds that the agreed-upon terms and conditions of settlement of this litigation arising under the Fair Labor Standards Act, as set forth in the Settlement Agreement, are fair and reasonable under the circumstances, and the Settlement Agreement is hereby APPROVED.

3.    Plaintiff and putative opt-in claimant Cuylar's claims are hereby DISMISSED with prejudice, with each party to bear its own costs and fees.

4.      Within 5 business days of this Order, the remaining opt-in claimants, by their attorney, will file a dismissal without prejudice.

        DONE AND ORDERED this ___ day of October,  2017.


                                    _____
                                    The Honorable Eleanor L. Ross
                                    U.S. District Court Judge
                                    Northern District of Georgia
                                    Atlanta Division

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Joint Motion to Approve Settlement Agreement with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to:

C. Ryan Morgan
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
RMorgan@forthepeople.com

-and-

J. Stephen Mixon
MILLAR & MIXON, LLC
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
steve@mixon-law.com

This 12th day of October, 2017.

/s/ Debra Schwartz
Debra Schwartz
Georgia No. Bar No. 631035

SCHWARTZ ROLLINS LLC
945 East Paces Ferry Road, Suite 2270
Atlanta, Georgia 30326
Telephone: 404-844-4130
Facsimile: 404-844-4135
des@gaemploymentlawyers.com