<u>CONFIDENTIAL SETTLEMENT AGREEMENT AND
GENERAL RELEASE</u>

This Settlement Agreement and General Release (hereinafter referred to as "Agreement"), is entered into by and between **Kassondra Jones**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Jones") and **Antica Posta Ristorante, Inc., and Marco Betti**, individually, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Jones and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by the Released Parties of any violation of any law or any other liability including common law liability to Jones.

WHEREAS, Jones was employed by Antica Posta Ristorante Inc.;

WHEREAS, Jones has alleged unlawful employment practices in violation of federal law against the Released Parties, allegations which the Released Parties vehemently deny, by filing a lawsuit styled Kassondra Jones v. Antica Posta Ristorante, Inc., and Marco Betti, Case No. 1:17-CV-01304-ELR, in the Northern District of Georgia;

WHEREAS, the Parties now desire to and do settle all claims by Jones that were or could have been asserted;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. The Released Parties agree to pay to Kassondra Jones the total amount of Five Hundred Dollars $500.00, which includes alleged damages, attorneys' fees and costs. This payment shall be made in a lump sum check made payable to Kassondra Jones mailed to the office of Plaintiff's counsel, Ryan Morgan, 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801.

2. Jones agrees that this is a disputed claim and represents that upon receipt of the $500 she will have been paid in full for any and all hours worked and gratuities due while employed with the Released Parties and for all alleged damages, back wages, liquidated damages, attorney's fees and costs, and agrees that simultaneous with the signing of this Settlement Agreement that she will file, through her attorney, a dismissal with prejudice of the above-referenced lawsuit.

3. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4. Confidentiality. Except where compelled by law, Jones agrees not to disclose or publicize the terms or existence of this Agreement or the facts and claims that form the basis of her lawsuit to anyone other than her spouse(s), attorney(s) and tax advisor(s) or accountant(s), all of whom shall be notified of this limitation and agree to be bound by the terms of this Agreement prior to discussion of these matters. If asked about this matter by anyone else, Jones agrees only to state that she has elected not to pursue the matter further.

5. **Non-Disparagement.** Jones shall not make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of any of the Released Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander. If any prospective employer of Jones contacts The Released Parties, The Released Parties shall give a neutral reference, only indicating Jones's dates of employment, and position(s) held. Jones also agrees never to seek employment with The Released Parties at any point in the future.

6. Each party shall be responsible for payment of their own attorneys' fees.

7. Jones represents and warrants that she is authorized to enter into, and that she has the authority to perform, the terms of this Agreement. Jones represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Jones hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES the Released Parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which she shall, ever had, or may in the future claim to have against the Released Parties based on any act or omission concerning any matter, cause, or thing before the dates of this

Agreement and up to the time of the execution of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of The Fair Labor Standards Act, 42 U.S.C. §§ 1981-1986, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

IT IS THE INTENT OF JONES TO RELEASE ALL CLAIMS OF EVERY NATURE AND KIND WHETHER KNOWN OR UNKNOWN, ACCRUED OR NOT ACCRUED, WHICH JONES HAD OR MAY HAVE AGAINST THE RELEASED PARTIES AS OF THE DATE OF THE EXECUTION OF THIS SETTLEMENT AGREEMENT.

9. Jones covenants not to hereafter sue or to authorize anyone else to file a lawsuit on her behalf against the Released Parties and not to become a member of any class suing the Released Parties on any claims released herein. Jones covenants and agrees not to accept, recover, or receive any damages or any other form of relief that may arise out of or in connection with any administrative remedies pursued by any other person or any federal, state, or local governmental agency or class representative on any claims released herein. In addition, Jones agrees not to induce, incite, or encourage claims of any nature by others against the Released Parties.

10. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12. This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

13. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court, seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

15. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

16. By signing this Agreement, Jones further agrees and certifies that:

(a) She has carefully read and fully understands the provisions of this Agreement, including the release of all claims and covenant not to sue and the confidentiality and non-disparagement provision of this Agreement;

(b) She has the right to and has been encouraged to consult counsel regarding the terms of this Agreement;

(c) She has consulted with and been advised by C. Ryan Morgan, Esquire in this matter; and

(d) She agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure.

17. No cancellation, modification, amendment, deletion, addition, or other changes in this Settlement Agreement, or any provision hereof or waiver of any right herein provided, shall be effective for any purpose unless specifically set forth in a written agreement signed by Jones and an authorized representative of the Released Parties.

Date: 9/8/17

Kassondra Jones

Date: 9/27/17

Marco Betti, Representative of Antica Posta Ristorante LLC

Date: 9/27/17

Marco Betti

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter referred to as "Agreement"), is entered into by and between **Shawantha Lisa Cuylar**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Cuylar") and **Antica Posta Ristorante, Inc., and Marco Betti,** individually, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Cuylar and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by the Released Parties of any violation of any law or any other liability including common law liability to Cuylar.

WHEREAS, Cuylar was employed by Antica Posta Ristorante Inc.;

WHEREAS, Cuylar, by filing an opt-in form in a lawsuit styled Kassondra Jones v. Antica Posta Ristorante, Inc., and Marco Betti, Case No. 1:17-CV-01304-ELR, in the Northern District of Georgia has alleged unlawful employment practices in violation of federal law against the Released Parties, allegations which the Released Parties vehemently deny,;

WHEREAS, the Parties now desire to and do settle all claims by Cuylar that were or could have been asserted;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. The Released Parties agree to pay to Shawantha Lisa Cuylar the total amount of Three Hundred Dollars $300.00, which includes alleged damages, attorneys' fees and costs. This payment shall be made in a lump sum check made payable to Shawantha Lisa Cuylar mailed to the office of Plaintiff's counsel, Ryan Morgan, 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801.

2. Cuylar agrees that this is a disputed claim and represents that upon receipt of the $300 she will have been paid in full for any and all hours worked and gratuities due while employed with the Released Parties and for all alleged damages, back wages, liquidated damages, attorney's fees and costs..

3. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4. Confidentiality.  Except where compelled by law, Cuylar agrees not to disclose or publicize the terms or existence of this Agreement or the facts and claims that form the basis of her lawsuit to anyone other than her spouse(s), attorney(s) and tax advisor(s) or accountant(s), all of whom shall be notified of this limitation and agree to be bound by the terms of this Agreement prior to discussion of these matters.  If asked about this matter by anyone else, Cuylar agrees only to state that she has elected not to pursue the matter further.

5. Non-Disparagement.  Cuylar shall not make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of any

of the Released Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander. If any prospective employer of Cuylar contacts The Released Parties, The Released Parties shall give a neutral reference, only indicating Cuylar's dates of employment, and position(s) held. Cuylar also agrees never to seek employment with The Released Parties at any point in the future.

6. Each party shall be responsible for payment of their own attorneys' fees.

7. Cuylar represents and warrants that she is authorized to enter into, and that she has the authority to perform, the terms of this Agreement. Cuylar represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Cuylar hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES the Released Parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which she shall, ever had, or may in the future claim to have against the Released Parties based on any act or omission concerning any matter, cause, or thing before the dates of this Agreement and up to the time of the execution of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of The Fair Labor Standards Act, 42

3

U.S.C. §§ 1981-1986, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

IT IS THE INTENT OF CUYLAR TO RELEASE ALL CLAIMS OF EVERY NATURE AND KIND WHETHER KNOWN OR UNKNOWN, ACCRUED OR NOT ACCRUED, WHICH CUYLAR HAD OR MAY HAVE AGAINST THE RELEASED PARTIES AS OF THE DATE OF THE EXECUTION OF THIS SETTLEMENT AGREEMENT.

9. Cuylar covenants not to hereafter sue or to authorize anyone else to file a lawsuit on her behalf against the Released Parties and not to become a member of any class suing the Released Parties on any claims released herein. Cuylar covenants and agrees not to accept, recover, or receive any damages or any other form of relief that may arise out of or in connection with any administrative remedies pursued by any other person or any federal, state, or local governmental agency or class representative on any claims released herein. In addition, Cuylar agrees not to induce, incite, or encourage claims of any nature by others against the Released Parties.

10. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same

4

instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12. This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

13. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court, seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

15. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

16. By signing this Agreement, Cuylar further agrees and certifies that:

(a) She has carefully read and fully understands the provisions of this Agreement, including the release of all claims and covenant not to sue and the confidentiality and non-disparagement provision of this Agreement;

(b) She has the right to and has been encouraged to consult counsel regarding the terms of this Agreement;

5

(c) She has consulted with and been advised by C. Ryan Morgan, Esquire in this matter, and

(d) She agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure.

17. No cancellation, modification, amendment, deletion, addition, or other changes in this Settlement Agreement, or any provision hereof or waiver of any right herein provided, shall be effective for any purpose unless specifically set forth in a written agreement signed by Cuylar and an authorized representative of the Released Parties.

Date: 8/30/17

Shawantha Lisa Cuylar

Date: 8/30/17

Marco Betti, Representative of Antica Posta Ristorante LLC

Date: 9-27-17

Marco Betti

6